UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREEMAN RAY HARRISON #477504, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) NO. 3:16-cv-00565 ) JUDGE CRENSHAW ) |
| MICHAEL PARRIS, | ) ) ) |
| Respondent. | ) |

# ORDER

Petitioner Freeman Ray Harrison, a state prisoner serving an effective sentence of 20 years for two counts of aggravated sexual battery and one count of reckless endangerment, filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus. (Doc. No. 1.)

As set forth in the accompanying Memorandum, Petitioner is not entitled to relief under § 2254 on any of his claims. Accordingly, the petition is hereby **DENIED**, and this action is **DISMISSED** with prejudice.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing

that the appeal will succeed," but courts should not issue a COA as a matter of course. Id. at 337.

Reasonable jurists could debate whether Petitioner is entitled to relief on Claim 1 that the evidence was insufficient to support his conviction for aggravated sexual battery in Count 2 of his indictment. Accordingly, the Court **GRANTS** a COA only with respect to Claim 1. Petitioner's remaining claims are both procedurally defaulted and without merit. Because reasonable jurists could not debate whether Petitioner is entitled to relief on Claims 2 or 3, the Court **DENIES** a COA with respect to those claims. Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE